# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-712-RJC-DSC

| | |
|---|---|
| **RICHARD LEWIS HAGINS,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**LOHR SCOTT SEARCY,** )<br>**individually and as an officer of the** )<br>**Town of Davidson Police** )<br>**Department, JEANNE A. MILLER,** )<br>**individually and as an officer of the** )<br>**Town of Davidson Police** )<br>**Department, MELVIN WALLER,** )<br>**individually and as an officer of the** )<br>**Town of Davidson Police** )<br>**Department, and THE TOWN OF** )<br>**DAVIDSON, NORTH CAROLINA,** )<br>)<br>    **Defendants.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on its own motion following the filing of Plaintiff's counsel's Unopposed Motion to Withdraw as Attorney. (Doc. No. 17).

The Court advises Plaintiff of the burden that he carries in responding to his counsel's Motion to Withdraw. Local Rule 83.1 provides that, absent consent of the client, counsel may seek to withdraw by filing a motion to withdraw showing good cause for the withdrawal. Upon a showing of good cause, the Court may allow counsel to withdraw from representing the client. Although good cause for terminating representation is generally outlined in Rule 1.16 of the North Carolina Rules of Professional Conduct, the decision regarding this motion is left to the broad discretion of the Court. See United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). Comment

1

[3] to Rule 1.16 of the North Carolina Rules of Professional Conduct indicates that a lawyer may be bound to keep confidential the facts that constitute the grounds for the withdrawal; however, a lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient cause for withdrawal.

If Plaintiff has any explanation or argument to offer to show why his counsel should not be allowed to withdraw for good cause, he must now present it to this Court. Plaintiff must present such information to this Court no later than five (5) days from the date of this Order. <u>Plaintiff's failure to respond may result in his counsel being granted the Motion to Withdraw from representation in this matter</u>.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have five (5) days from the date of this Order to file his response, including any evidence, to Plaintiff's counsel's Motion to Withdraw; and

2. The Clerk is directed to send copies of this Order and Notice to counsel for the Defendants; <u>and to Plaintiff Richard Lewis Hagins, at 58 Thorn Street, Apt. 1, Rochester, New York 14314 via certified mail return receipt requested</u>.

Signed: December 2, 2015

Robert J. Conrad, Jr.
United States District Judge